Andrew J. Kubik (CA Bar No. 246902)
ajk@andrewkubiklaw.com
LAW OFFICE OF ANDREW J. KUBIK
10921 Derrydown Way
San Diego, California 92130
Telephone: 619-961-8987

Attorney for Plaintiff FREDERIC G. LUDWIG, III

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERIC G. LUDWIG, III, an individual,<br><br>Plaintiff,<br><br>v.<br><br>CMAR, LLC, a California Limited Liability Company; FIT ATHLETIC CLUB, LLC, a Delaware Limited Liability Company; and DOES 1-10,<br><br>Defendants. | Case No. '23CV0059 BAS JLB<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff FREDERIC G. LUDWIG, III ("Plaintiff"), by and though his undersigned attorney, hereby prays to this honorable Court for relief based on the following:

**JURISDICTION AND VENUE**

1. This action arises under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C § 12101, *et seq.*

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3. Pursuant to supplemental jurisdiction (28 U.S.C. § 1367(a)), attendant and related causes of action and claims for relief arising from a common nucleus of operative facts are also brought under California law, including pursuant to

California's Unruh Civil Rights Act, Cal. Civil Code § 51, *et seq*. and the Disabled Persons Act, Cal. Civ. Code § 54.1 *et seq.*, both of which expressly incorporate the Americans with Disabilities Act. Cal. Civ. Code §§ 51(f), 54.1(d).

4. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)(2) and 1391(c). Defendants conduct discriminatory activities within the Southern District of California, and the events giving rise to Plaintiff's claims have occurred and are occurring in the Southern District of California.

## PARTIES

5. Plaintiff Ludwig is a California citizen residing in San Diego, CA. Plaintiff is disabled by the genetic disease osteogenesis imperfecta, also known as "brittle bone disease." Plaintiff is unable to walk or stand independently and uses a wheelchair for mobility. Plaintiff is, and at all times relevant herein was, an individual with a disability as those terms are defined under the ADA and its implementing regulations (42 U.S.C. § 12102; 28 C.F.R. § 35.104; 28 C.F.R § 36.104) and California law.

6. Defendant CMAR, LLC ("CMAR") is a California limited liability company with its agent for service of process located in San Diego, CA. CMAR is the owner of the property located at 12171 World Trade Dr, San Diego, CA 92128.

7. Defendant FIT ATHLETIC CLUB, LLC (herein after "FAC") is a Delaware limited liability company with its principal place of business in San Diego, CA. Defendant operates four separate athletic clubs in the City of San Diego located in the communities of East Village, Little Italy, Mission Beach, and, of relevance to this action, Carmel Mountain Ranch, located at 12171 World Trade Dr, San Diego, CA 92128 ("Subject Property"). FAC is a tenant of CMAR.

8. Plaintiff is informed and believes and thereon alleges that Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's rights to equal access. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff,

which he therefore sues DOE Defendants by such fictitious names and will seek leave to amend this Complaint to show their true names and capacities when such information has been ascertained. (CMAR, FAC and DOES 1-10 are collectively referred to as "Defendants" herein).

9.  Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and/or adopted each of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## FACTUAL ALLEGATIONS

10. Plaintiff has been a member of FAC since at least 2014, prior to the time when FAC acquired the athletic club from prior operators, Frog's Club One. Plaintiff patronizes the Subject Property multiple times per week for fitness and physical therapy. On average, Plaintiff uses the Subject Property five (5) days per week since at least 1999.

11. The Subject Property provides a number of amenities spread across two levels, including a heated outdoor pool, which Plaintiff regularly utilizes as part of his physical therapy and fitness regimen.

12. The Subject Property has an elevator to access the second level on which certain unique exercise equipment and related amenities are located. The equipment and amenities situated on the second level are not available on the first level.

13. Since approximately 2014, Plaintiff has encountered numerous barriers at the Subject Property, including:

   a. <u>Pool</u>: the pool lift was not functional; the pool lift was not in compliance with regulations;

  b. <u>Elevator</u>: the elevator is not operational since June 2022; Plaintiff cannot access exercise equipment on the second level, and equivalent exercise equipment is not available on the main level;

  c. <u>Counters</u>: the main check-in counter and snack/concessions areas' counters are too high;

  d. <u>Exterior Locker Room</u>: the Subject Property has two sets of locker rooms, one detached from the main building and another integrated into the main building. The exterior men's locker room's accessible shower seat is non-functional; and

  e. <u>Interior Locker Room</u>: the indoor men's locker room's accessible shower is non-function.

14. Plaintiff has encountered these barriers in excess of 1,500 times, by virtue of his frequent, constituent, longstanding patronage of the Subject Property since at least as early as 2014.

15. On or about July 9, 2022, Plaintiff gave notice to FAC about the barriers, however, FAC failed to correct them. Plaintiff gave FAC notice about the barriers again on or about July 16, 23, and 30, 2022, and again in August, September, October, November, and December 2022, but FAC failed to correct them again. As to the elevator, FAC told Plaintiff that FAC did not want to put money into repairing the elevator. At the same time FAC undertook other major renovation projects at the Subject Property.

16. The barriers encountered by Plaintiff at the Subject Property violate the ADA Standards for Accessible Design (ADA Standards), 28 C.F.R. pt. 36, app. D, and the Title 24 of the California Code of Regulations, the California Building Code.

17. The unlawful and discriminatory barriers at the Subject Property have caused Plaintiff difficulty, anger, frustration and embarrassment and made him feel unwelcome and like a second-class citizen.

18. On information and belief, there are additional access barriers and discriminatory policies that exclude and deter Plaintiff and other similarly situated individuals who use wheelchairs from enjoying full and equal access to and use of the goods, services, facilities, privileges, advantages, and accommodations offered by Defendants to the general public at the Subject Property. Additional access barriers will be confirmed by Plaintiff through a noticed site inspection, at which time he will amend his Complaint.

19. Plaintiff intends to return to the Subject Property in the future to continue to conduct his fitness and physical therapy routines as a paying member. Until the unlawful and discriminatory barriers at the Subject Property are remedied by Defendants, Plaintiff will continue to be denied full and equal access to the goods, facilities, programs, services and activities offered by Defendants to the general public, and will suffer ongoing discrimination by being prevented and deterred from returning there.

20. The nature of Defendants' discrimination constitutes an ongoing violation, and unless enjoined by this Court, will result in ongoing and irreparable injury to Plaintiff and other similarly disabled persons.

## FIRST CLAIM FOR RELIEF

### Violation of the Americans with Disabilities Act of 1990

**(42 U.S.C §§ 12101 *et seq.*)**

21. Plaintiff repeats, realleges and incorporates by reference as though fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

22. Title III of the ADA provides that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

23. The Subject Property is a "private entity" which is considered a "public accommodation" within the meaning of 42 U.S.C. 12181(7).

24. Defendants have discriminated against Plaintiff on the basis of his disabilities in violation of Title III of the ADA. Defendants' discriminatory conduct includes, but is not limited to:

a. Directly excluding or denying Plaintiff goods, services, facilities, privileges, advantages, accommodations, and/or opportunities, on the basis of his disabilities. 42 U.S.C. § 12182(b)(1)(A)(i);

b. Providing Plaintiff goods, services, facilities, privileges, advantages, and/or accommodations that are not equal to those afforded non-disabled individuals. 42 U.S.C. § 12182(b)(1)(A)(ii);

c. Failing to design and/or construct facilities built for first occupancy after January 26, 1993, so that they are readily accessible to and usable by individuals with disabilities in accordance with the ADA Standards. 42 U.S.C. § 12183(a)(1);

d. Since January 26, 1992, failing to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facilities are readily accessible to and usable by individuals with disabilities in accordance with the ADA Standards. 42 U.S.C. § 12183(a)(2);

e. Since July 26, 1991, failing to comply with the ongoing obligation to remove barriers, and/or provide path-of-travel upgrades to remove barriers at facilities where such removal is "readily achievable." 42 U.S.C. § 12182(a)(2)(A)(iv); and

f. Failing "to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services,

facilities, privileges, advantages, or accommodations." 42 U.S.C. § 12182(b)(2)(A)(ii).

25. Pursuant to the remedies, procedures, and rights set forth in 42 U.S.C. § 12188 and 42 U.S.C. § 12205, Plaintiff prays for judgment as set forth below.

## SECOND CLAIM FOR RELIEF

## Violations of the Unruh Civil Rights Act

## (California Civil Code §§ 51 *et seq.*)

26. Plaintiff repeats, realleges and incorporates by reference as though fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

27. Defendants are a business establishment and, as such, must comply with the provisions of the Unruh Civil Rights Act, Cal. Civ. Code § 51 *et seq.*

28. The Unruh Act guarantees, inter alia, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever within the jurisdiction of the State of California. Cal. Civ. Code § 51(b).

29. The Unruh Act also provides that a violation of the ADA, or of California state accessibility regulations, is a violation of the Unruh Act. Cal. Civ. Code § 51(f).

30. Defendants have violated the Unruh Act by, inter alia, denying, or aiding or inciting the denial of, Plaintiff's rights to full and equal use of the accommodations, advantages, facilities, privileges, or services offered at the Subject Property.

31. Defendants have also violated the Unruh Act by denying, or aiding or inciting the denial of, Plaintiff's rights to equal access arising from the provisions of the California state accessibility regulations and the ADA.

32. Pursuant to the remedies, procedures, and rights set forth in Cal. Civ. Code § 52, Plaintiff prays for judgment as set forth below.

## THIRD CLAIM FOR RELIEF

### Violation of the California Disabled Persons Act

### California Civil Code §§ 54.1 *et seq.*

### (Statutory Damages and Attorneys' Fees Only)

33. Plaintiff repeats, realleges and incorporates by reference as though fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

1. The Disabled Persons Act ("DPA") provides that "[i]ndividuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, … and privileges of all … places of public accommodation, amusement, or resort, and other places to which the general public is invited…." Cal. Civ. Code § 54.1(a).

2. Defendants' acts and omissions, described herein, violate the rights of Plaintiffs under the DPA.

3. A violation of the ADA is also a violation of the DPA. See Cal. Civ. Code, § 54.1(d).

4. Pursuant to the remedies, procedures, and rights set forth in Cal. Civ. Code § 54.3(a), Plaintiff prays for statutory damages and attorneys' fees under Cal. Civ. Code § 54.3(a).

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follows:

1. Issue an injunction:
   a. Ordering Defendants to alter the Subject Property to make such facility readily accessible to and usable by individuals with disabilities; and
   b. Prohibiting operation of the Subject Property until Defendants provide full and equal access to individuals with physical disabilities, and requiring that such access be immediately provided.

      c. **Note**: Plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act.

2. Award Plaintiff statutory damages in the maximum amount allowed by law;

3. Award Plaintiffs attorneys' fees, litigation expenses and costs of suit as provided by law; and

4. Award pre-judgment and post-judgment interest; and

5. Award such other and further legal and equitable relief as the Court may deem just and proper

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Dated: January 12, 2023           Respectfully Submitted,

                                            By: s/ Andrew J. Kubik
                                                Andrew J. Kubik
                                                Law Office of Andrew J. Kubik
                                                Attorney for Plaintiff
                                                ajk@andrewkubiklaw.com